UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTINA M. JAMES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:18-cv-001230 |
| CONVERGENT OUTSOURCING, INC. | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Christina M. James ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Convergent Outsourcing, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. §392 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is authorized to conduct business in the Southern District of Texas and maintains significant contacts within the Southern District of Texas.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a Washington corporation with its principal place of business located at 800 SW 39th Street, Renton, Washington, 98057. Defendant conducts business in Texas and is registered with the Texas Secretary of State under Business ID 0013805406. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Defendant engages in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others as its website identifies it as a debt collector. According to Defendant's website, Defendant states that it has been: "In business since 1950, Convergent is one of America's leading collections agencies."[1]

## FACTS SUPPORTING CAUSES OF ACTION

7. On or about November 2017, Plaintiff began receiving unknown calls to her cellular phone from (877) 317-1200.

8. Bewildered, Plaintiff called (877) 317-1200 and spoke to a representative of Defendant, who claimed Plaintiff has defaulted and owes $695.00 ("subject debt') to PayPal, Inc. ("PayPal").

9. At the time the subject debt was incurred, Plaintiff provided her old cellular phone number.

10. In 2017, Plaintiff changed her cellular phone number.to (682) XXX-6686.

---

[1] https://www.convergentusa.com/outsourcing/ (last visited March 28, 2018).

2

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6686. Plaintiff is and always has been financially responsible for this cellular phone and its services.

12. Plaintiff *never* provider her new cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[2]

14. In February 2018, Plaintiff spoke to a live representative of Defendant in which they repeatedly demanded Plaintiff to make a payment on the subject debt. Plaintiff responded by requesting that the Defendant cease placing calls to her cellular phone.

15. Plaintiff answered no less than 20 calls from Defendant.

16. Defendant placed or caused to be placed an average of 2 phone calls per week from November 2017 through the present day, without Plaintiff's prior express consent, in an attempt to collect on the subject debt.

17. In total, Defendant placed or caused to be placed no less than 41 harassing phone calls to Plaintiff's cellular telephone from November 2017 through the present day, with calls taking place several times in one day, and on the weekends.

18. In the calls that Plaintiff spoke to a live representative of Defendant, Plaintiff hears what sounds to be call center noise in the background of Defendant's calls.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

---

[2] Upon information and belief, Defendant obtained Plaintiff's cellular telephone number ending in 6686 through a method known as "call capture," a telephone-based technology that captures personal data from persons who place calls to a properly provisioned number or through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

**Damages**

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, mental anguish, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

22. In addition, each time Defendant placed a telephone call to Plaintiff; Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

23. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff restates and re-alleges paragraphs 1 through 23 as though fully set forth herein.

25. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers." 47 U.S.C. §227(a)(1).

27. Based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant, used a predictive dialing system to place calls to Plaintiff's cellular telephone.

28. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

29. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

30. At no time did Plaintiff provide her cellular number to Defendant or otherwise expressly consented to receiving phone calls to her cellular phone from Defendant.

31. Defendant violated the TCPA by placing no less than 41 harassing phone calls to Plaintiff's cellular telephone from November 2017 through the present day, using an ATDS without her prior consent.

32. Any prior consent, if any, was revoked by when Plaintiff changed her cellular phone number and again with Plaintiff's verbal revocation.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has prior express consent to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. Defendant, through its agents, representatives, subsidiaries, employees, vendors, and contractors acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii) by contacting Plaintiff on her cellular phone without prior express consent to do so.

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, CHRISTINA M. JAMES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and re-alleges paragraphs 1 through 23 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

40. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

41. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

42. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

43. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

44. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

45. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5), through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692c**

46. Defendant violated §1692c(a)(1) when it continuously called Plaintiff without her prior consent. Upon information and belief, Defendant "skip-traced" Plaintiff's new cellular number and began its onslaught of calling Plaintiff without her prior expressed consent. This repeated behavior of systematically calling Plaintiff's cellular phone over and over without her consent was harassing and abusive. Defendant continued its attack of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

47. Furthermore, Defendant has relentlessly called Plaintiff on no less than 41 occasions from November 2017 to the present. The nature and frequency of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

7

48. Notwithstanding Defendant's lack of prior consent, Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and distressing to her.

### b. Violations of FDCPA § 1692d

49. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt.

50. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 41 harassing phone calls to Plaintiff's cellular telephone from November 2017 through the present day, using an ATDS without her prior consent, with calls taking place several times in one day, and up to at least 2 times per week.

51. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers without their prior consent.

52. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

53. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE,** Plaintiff CHRISTINA M. JAMES respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

  d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

51. Plaintiff restates and re-alleges paragraphs 1 through 23 as though fully set forth herein.

52. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

53. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

54. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

  a. **Violations of TDCA § 392.302**

55. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

56. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 41 times without Plaintiff's prior consent. The repeated contacts were made with the hope that

Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls would naturally cause an individual to feel oppressed.

**WHEREFORE,** Plaintiff, CHRISTINA M. JAMES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying TDCA violations;

   c. Additionally, awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under Tex. Fin. Code Ann. § 392.403(a)(2);

   d. Additionally, awarding Plaintiff injunctive relief pursuant to Tex. Fin. Code Ann. § 392.43(a)(1);

   e. Additionally, awarding Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b);

   f. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**


Dated: April 19, 2018                                    Respectfully Submitted,


/s/ Marwan R. Daher                                      /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                    Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                  *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                                 Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                    2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                        Lombard, IL 60148
Telephone: (630) 537-1770                                Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                   osulaiman@sulaimanlaw.com